NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEOFFREY ROBERT LAWSON, | No. 17-35832 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00184-RMP |
| v. | |
| BRENT CARNEY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted April 3, 2019**

Before:    WALLACE, FARRIS, and TROTT, Circuit Judges.

Washington state prisoner Geoffrey Robert Lawson appeals pro se from the

district court's summary judgment in his action under 42 U.S.C. § 1983 and the

Religious Land Use and Institutionalized Persons Act ("RLUIPA").  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Jones v. Williams*, 791

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1023, 1030 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment on Lawson's RLUIPA claims for damages because RLUIPA does not allow for damages against state officials sued in their official or individual capacities.  *See id.* at 1031 (recognizing that RLUIPA does not authorize suits for money damages against state officials in their official or individual capacities).

The district court properly granted summary judgment on Lawson's free exercise claim because Lawson failed to raise a genuine dispute of material fact as to whether defendants engaged in any conduct that caused a deprivation of his free exercise rights.  *See id.* at 1031-32 (elements of a § 1983 free exercise claim); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (elements for supervisory liability under § 1983).

The district court properly determined that Lawson's claims for injunctive relief stemming from the temporary suspension of his kosher diet are moot because there is no dispute that the correctional facility reinstated Lawson's kosher diet, and there is no reasonable expectation that defendants will discontinue access to the diet in the future.  *See Jones*, 791 F.3d at 1031 (a case is moot when there is no longer a live controversy as to which relief can be granted).

The district court did not abuse its discretion by denying Lawson additional opportunities to conduct discovery because Lawson failed to show that he

diligently pursued his previous opportunities or that additional discovery would have precluded summary judgment. *See Qualls ex rel. Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (district court abuses its discretion by denying additional discovery only when movant diligently pursued previous opportunities and shows that additional discovery would preclude summary judgment); *see also Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

We do not consider arguments raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also* Ninth Cir. R. 28-1(b) ("Parties must not append or incorporate by reference briefs submitted to the district court . . . or refer this Court to such briefs for the arguments on the merits of the appeal.").

Lawson's motion for leave to file a late reply brief (Docket Entry No. 34) is granted. The Clerk shall file the reply brief submitted at Docket Entry No. 33.

Lawson's motions for an extension of time to file a substitute reply brief, a

temporary injunction, and appointment of counsel (Docket Entry No. 34) are denied.

**AFFIRMED.**